UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CHERYL E. ROSE, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. SACV 14-0155-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Cheryl Rose ("Plaintiff") appeals the decision of the Administrative Law Judge ("ALJ") denying her application for Social Security disability insurance benefits. The Court concludes that the ALJ erred when she evaluated the opinions of Plaintiff's chiropractor and treating physicians. The ALJ's decision is therefore reversed and this matter is remanded for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her application for benefits on August 27, 2010, alleging disability beginning April 30, 2006. The ALJ found that Plaintiff had the severe impairments of fibromyalgia, bilateral carpal tunnel syndrome,

degenerative disc disease of the cervical spine, headaches, early peripheral neuropathy, anxiety, and depression. Administrative Record ("AR") 17. Relying heavily on the opinion of the testifying medical expert ("ME"), the ALJ concluded that Plaintiff retained the residual functional capacity to perform a reduced range of light work. AR 20-25. The ALJ then concluded that Plaintiff was not disabled because there were significant jobs available in the regional and national economy that she could still perform despite her impairments. AR 26-27.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in: (1) failing to properly evaluate the reports and opinions of Plaintiff's treating chiropractor; and (2) failing to give controlling weight to the opinions of Plaintiff's treating physicians. See Joint Stipulation ("JS") at 4.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a

whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.
## DISCUSSION

### A. The ALJ Failed to Properly Consider the Opinion of Plaintiff's Chiropractor

Plaintiff contends that the ALJ erred in failing to properly consider the reports and opinions of her treating chiropractor, Dr. Robert S. Renfro. JS at 5-9. Dr. Renfro had been treating Plaintiff's joint and muscle pain with massage and adjustment since 2006. AR 527. He provided various reports which detailed his treatment of Plaintiff and in which he opined that Plaintiff was disabled due to her pain. See, e.g., AR 151, 285, 493. The ALJ rejected Dr. Renfro's opinions as follows:

> Social Security Ruling (SSR) 06-03p clarifies how we consider opinions from sources who are not "acceptable medical sources," such as chiropractors, on the issue of disability. Dr. Renfro is not a licensed physician, a licensed neurologist, a licensed orthopedist, or a licensed pain management specialist. Therefore, he is not an acceptable medical source, and his reports and opinion must be accorded minimal evidentiary weight.

AR 25.

Under the Social Security Regulations, a chiropractor is not an "acceptable medical source." 20 C.F.R. § 404.1513(a). Rather, a chiropractor is included in the list of medical professionals defined as "other sources." 20 C.F.R. § 404.1513(d)(1). Although their opinions may be used to determine the

3

severity of a claimant's impairments and how those impairments affect the ability to work, 20 C.F.R. § 404.1513(d), such professionals are not considered to be the equivalent of treating physicians. See Jamerson v. Chater, 112 F.3d 1064, 1067 (9th Cir. 1997). To reject the testimony of such sources, the ALJ must only give "'reasons germane to each witness for doing so.'" Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1224 (9th Cir. 2010)).

Here, the ALJ rejected Dr. Renfro's opinion solely because he is a chiropractor. Although acceptable medical sources are considered "the most qualified medical professionals" under the Social Security regulations, the Administration has nevertheless determined that "it may be appropriate to give more weight to the opinion of a medical source who is not an 'acceptable medical source' if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion." Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, at *5 (Aug. 9, 2006).[1] Accordingly, the ALJ is not permitted to reject Dr. Renfro's opinion solely on the basis that, as a chiropractor, he is not a medical source. See, e.g., Johnson v. Colvin, No. 12-1149, 2013 WL 3119567, at *5 (D. Or. June 18, 2013); Knorr v. Astrue, No. 11-7324, 2013 WL 1927053, at *8 (E.D. Pa. Feb. 26, 2013) (concluding that ALJ's "blanket dismissal" of chiropractor's assessment was not appropriate where chiropractor treated claimant over a multi-year period and addressed "key issues" of impairment severity and functional effects).

---

[1] Social Security Rulings are issued to clarify the agency's regulations and policy. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they are not published in the Federal Register and do not have the force of law, the Ninth Circuit has held that this Court must give deference to the agency's interpretation of its regulations. Id.

Accordingly, upon remand, if the ALJ wishes to reject Dr. Renfro's opinion, she may do so, but only for reasons "germane" to Dr. Renfro, not solely on the basis that he is not an acceptable medical source.

### B. The ALJ Failed to Properly Assess the Opinions of Plaintiff's Treating Physicians

Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of her treating rheumatologist, Dr. Anthony Bohan. JS at 14-25. In a medical report dated April 7, 2010, and a Physical Capacities Evaluation dated May 2, 2012, Dr. Bohan provided information regarding the effect of Plaintiff's fibromyalgia, inflammatory arthritis, and other conditions on her ability to perform various work-related functions. AR 393-400, 486-87. Dr. Bohan's statements largely concur with those of Plaintiff's previous treating rheumatologist, Dr. Joan Campagna. See AR 320-21. Dr. Bohan opined that Plaintiff would be able to sit for up to three hours out of an eight-hour workday, stand and walk for up to one hour out of an eight-hour workday, and lift up to eight pounds occasionally, but could not use her hands for repetitive simple grasping or fine manipulation and could reach only occasionally. AR 487.

As noted above, the ALJ gave controlling weight to the opinion of the nonexamining, testifying ME, Dr. Samuel Landau. AR 25. The ALJ rejected Dr. Campagna's and Dr. Bohan's opinions as follows:

> The undersigned finds inconsistencies in the medical evidence and does not accord controlling evidentiary weight to Dr. Campagna or Dr. Bohan, the treating physicians' opinions. Specifically, the undersigned agrees with Dr. Landau with regard to Dr. Campagna and Dr. Bohan interspersing the diagnoses of rheumatoid arthritis, inflammatory arthritis, and fibromyalgia syndrome. Then there is the matter of the claimant's breast implant settlement. As required

> of her Dow Corning Breast Implant Settlement Fund, Dr. Bohan definitively stated that the claimant did not have Classic Rheumatoid Arthritis. On July 6, 2010, her laboratory testing included a negative RA factor and a negative CCP antibody. Dr. Bohan also stated that osteoarthritis had been excluded from her MCP's, PIP's, wrist, right shoulder and right knee joints. Further, the undersigned notes that none of the objective medical evidence showed diagnostic proof that the claimant exhibited the requisite number of the 18 trigger points of fibromyalgia. As Dr. Landau noted, there was no objective medical evidence to support Dr. Campagna and Dr. Bohan's opinions that the claimant's impairment met a listing.

AR 24 (citations omitted).

Three types of physicians may offer opinions in Social Security cases: those who directly treated the plaintiff, those who examined but did not treat the plaintiff, and those who did not treat or examine the plaintiff. See 20 C.F.R. § 404.1527(c)(2); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a non-examining physician. Lester, 81 F.3d at 830. Thus, when a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Id. When a treating doctor's opinion is contradicted by another doctor, the ALJ must provide specific, legitimate reasons based on substantial evidence in the record for rejecting the treating doctor's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830-31. However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278

F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The Court finds that the ALJ did not provide specific and legitimate reasons for rejecting the opinions of Plaintiff's treating physicians. First, the ALJ rejected their opinions because they allegedly "intersperse[ed]" the diagnoses of rheumatoid arthritis, inflammatory arthritis, and fibromyalgia. AR 25. However, Drs. Campagna and Bohan, in fact, ruled out rheumatoid arthritis after reviewing Plaintiff's negative blood test results, concluding that Plaintiff suffered from inflammatory arthritis and fibromyalgia. See AR 392, 406.[2] The ALJ does not point to any medical evidence to demonstrate that it is impossible for a person to have both conditions simultaneously. As noted by Plaintiff, a simple search of Social Security opinions reveals multiple cases in which a claimant has been diagnosed with both inflammatory arthritis and fibromyalgia and in which the ALJ found both impairments to be severe. See, e.g., Rowland v. Colvin, No. 13-0007, 2014 WL 2215884, at *1 (W.D. Va. May 29, 2014); Jones v. Colvin, No. 12-0379, 2014 WL 991800, at *9 (D. Neb. Mar. 13, 2014); Lucky v. Comm'r of Soc. Sec., No. 12-1888, 2013 WL 2209708, at *6 (N.D. Ohio May 20, 2013).

Second, the ALJ's statement that the objective medical evidence does not show that Plaintiff "exhibited the requisite number of the 18 trigger points of fibromyalgia" is not supported by the record. Both Drs. Campagna and Bohan found that Plaintiff exhibited at least 11 of the 18 tender points.[3] See

---

[2] Thus, the fact that Dr. Bohan "definitively stated that [Plaintiff] did not have Classic Rheumatoid Arthritis," AR 25, as required for Plaintiff to receive compensation from the breast implant settlement fund, is not inconsistent with his diagnoses of inflammatory arthritis and fibromyalgia.

[3] Although there are no laboratory tests which establish the presence or severity of fibromyalgia, it is recognized as a medically determinable

AR 318, 406, 407, 416-17, 421, 426, 463, 465, 495. Moreover, in stating that there was no "objective medical evidence" documenting that Plaintiff had the requisite number of tender points to diagnose fibromyalgia, the ALJ is "effectively requiring 'objective' evidence for a disease that eludes such measurement." Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (internal quotation marks and alteration omitted). It is also unclear why the ALJ would have determined that Plaintiff's fibromyalgia was a severe impairment at step two of the sequential evaluation if Plaintiff had not established the requisite number of trigger points.

Finally, the fact that Dr. Bohan and Dr. Campagna both opined that Plaintiff met the requirements of Listing 14.09 (Inflammatory Arthritis) is not a specific and legitimate reason for rejecting the entirety of their opinions. While it is true that a treating physician's opinion on the matter of ultimate disability or, in this case, whether Plaintiff meets or equals a Listing is not entitled to special weight, "a treating physician's medical opinions are generally given more weight." Boardman v. Astrue, 286 F. App'x 397, 399 (9th Cir. 2008) (holding that ALJ erred in rejecting treating physician's opinion based on fact that physician also expressed opinion on ultimate issue of disability) (citing 20 C.F.R. § 404.1527(d)(2)). A medical opinion "'reflect[s] judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions." Id. (quoting

---

impairment under the Social Security Act if there are medical signs and laboratory findings that are established by the medical record. See SSR 12-2p, 2012 WL 3104869, at *2-*3 (July 25, 2012); see also Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996). The American College of Rheumatology defines the disorder in patients as a history of widespread pain in all four quadrants of the body and at least 11 of the 18 specified tender points on digital palpitation. See SSR 12-2p, 2012 WL 3104869, at *2-*3; Sarchet, 78 F.3d at 306.

20 C.F.R. § 404.1527(a)(2)). In this case, beyond finding that Plaintiff met Listing 14.09, Drs. Campagna and Bohan also gave opinions regarding the nature, severity, and prognosis for Plaintiff's inflammatory arthritis. The fact that Plaintiff's treating physicians also rendered an opinion regarding the ultimate issue of disability is not a legitimate basis for rejecting those opinions out of hand.

### C. A Remand for Further Proceedings Is Appropriate

Where, as here, the Court finds that the ALJ improperly discredited medical testimony, the Court has discretion as to whether to remand for further proceedings. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate under the so-called "credit-as-true" rule to exercise this discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); see also Garrison v. Colvin, --- F.3d ---, 2014 WL 3397218, at *20-*21 (9th Cir. July 14, 2014) (noting that credit-as-true rule applies to medical opinion testimony).

Under this credit-as-true framework, the Court must apply the following three-part standard, each part of which must be satisfied before the Court remands to the ALJ with instructions to award benefits: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." Garrison, 2014 WL 3397218, at *20. Where, however, the ALJ's findings are so "insufficient" that the Court cannot determine whether the rejected testimony should be credited-

9

as-true, the Court has "some flexibility" in applying the credit-as-true rule. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003); see also Garrison, 2014 WL 3397218, at *22 (noting that Connett established that the credit-as-true rule may not be dispositive in all cases). The Ninth Circuit recently clarified that this flexibility should be exercised "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Garrison, 2014 WL 3397218, at *21.

Here, the Court finds that the record as a whole in fact creates such serious doubt. Therefore, the Court concludes that a remand is appropriate for the ALJ to consider Plaintiff's limitations in light of the opinions of her chiropractor and her treating physicians, and to determine whether those limitations mandate a finding of disability.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Dated: August 11, 2014

                                              **DOUGLAS F. McCORMICK**
                                              DOUGLAS F. McCORMICK
                                              United States Magistrate Judge